**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **HONESTY L. TRUTH,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **NO. 4:26-CV-211-O** |
| | § | |
| **PARKER CNTY. SHERIFF'S DEP'T,** | § | |
| **ET AL.,** | § | |
| **Defendants.** | § | |

## ORDER TO REPLEAD

The Court has reviewed the complaint filed by Plaintiff, calling herself Honesty L. Truth, and finds that she should be required to replead to state her own name, to identify the defendants she is seeking to hold liable, and to state the facts upon which she bases her claims against each of them. 28 U.S.C. § 1915(e)(2) & § 1915A(b).

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. *Twombly*, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal

conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

The facts pleaded must allow a court to infer that the plaintiff's right to relief is plausible. *Iqbal*, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. *Id.* In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

As alleged, Plaintiff's complaint fails to assert a constitutional violation that would entitle her to relief. To state a cause of action under 42 U.S.C. § 1983, the plaintiff must allege that (1) some person has deprived her of a federal statutory or constitutional right; and (2) that person acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020).

To prevail on an excessive force claim, a plaintiff must establish: (1) an injury,[1] (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable. *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007).

Plaintiff names Parker County Sheriff's Department, Parker County Jail, and Willow Park Police Department as defendants, but those are not entities that may be sued. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). The proper parties would be Parker County and

---

[1] The asserted injury must be more than *de minimis* and must be evaluated in the context in which the force was applied. *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001).

the City of Willow Park. *See Rogers v. Nueces County Jail*, No. C-07-410, 2007 WL 4367814, at *4 (S.D. Tex. Dec. 13, 2007).

A governmental entity, such as Parker County or City of Willow Park, can be subjected to monetary damages or injunctive relief only if one of its official policies caused a person to be deprived of a federally protected right. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). They cannot be held liable under a theory of *respondeat superior* or vicarious liability. *Id.* Instead, liability may be imposed against a local government entity under § 1983 only "if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell*, 436 U.S. at 692) (internal quotation marks omitted). To hold Parker County or Willow Park liable under § 1983 thus requires Plaintiff to "initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted." *Spiller v. City of Texas City Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (internal quotation marks and citations omitted). Therefore, liability against local government defendants pursuant to § 1983 requires proof of a policymaker, an official policy, and a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

The Fifth Circuit has been explicit in its definition of an "official policy" that can lead to liability on the part of a governmental entity, giving the following explanation in an opinion issued *en banc* in response to a motion for rehearing in *Bennett v. City of Slidell:*

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual

3

> or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.
>
> Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

735 F.2d 861, 862 (5th Cir. 1984) (*per curiam*).

The Eleventh Amendment typically deprives federal courts of jurisdiction over suits against a state, state agency, or officials acting in their official capacity unless the state has waived its sovereign immunity or Congress has clearly abrogated it. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Moore v. La. Bd. Of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). Texas has not waived its immunity; accordingly, the claims against Texas Department of Criminal Justice and any state officials are barred. *Cox v. Texas*, 354 F. App'x 901, 902–03 (5th Cir. 2009).

Further, the law is clear that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render her conviction or sentence invalid, Plaintiff must prove that the conviction or sentence has been reversed or otherwise declared invalid. Otherwise, the claim is not cognizable under § 1983. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). "[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486.

"There is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983." *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). The Supreme Court has instructed courts to borrow the forum state's general personal injury limitations period, which in Texas is two years. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a); *Piotrowski*, 237 F.3d at 576. The point at which a claim accrues, however, is determined by federal law. *Wallace v. Kato*, 549 U.S. 384,

388 (2007). Under federal law, a cause of action accrues when the plaintiff has "a complete and present cause of action." *Id.* Stated differently, under § 1983, "the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). Claims that arose more than two years before Plaintiff filed her complaint cannot be pursued.

Even though it does not appear that Plaintiff can state a plausible claim, the Court will give her an opportunity to do so. The Court is directing the Clerk to send to Plaintiff appropriate forms to pursue an amended complaint under 42 U.S.C. § 1983. Plaintiff must complete and return the forms within 30 days to proceed with this action. She must use her true name and not "Honesty L. Truth." She must identify each defendant and state all the material facts on which she contends she will establish her right to recover against that defendant.

Failure to comply with this order in any respect may lead to the dismissal of Plaintiff's claims without further notice. FED. R. CIV. P. 41(b).

**SO ORDERED** on this **11th day** of **March, 2026**.


_____
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**